IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARRELL BERNARD EATON, # 276670, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:17cv451-MHT-SMD |
| ) | [WO] |
| WALTER MYERS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. BACKGROUND

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed, through counsel, by Alabama inmate Darrell Bernard Eaton on July 8, 2017. Doc. 1. Eaton challenges his 2013 Montgomery County murder conviction and resulting life sentence. He claims his trial counsel rendered ineffective assistance by waiving closing arguments at his trial. *Id.* at 5–7. Respondents argue that Eaton's § 2254 petition is time-barred under AEDPA's one-year limitation, as set forth in 28 U.S.C. § 2244(d). Doc. 8 at 3-5. The court agrees and finds that Eaton's petition should be denied without an evidentiary hearing and this case should be dismissed with prejudice.

### II. DISCUSSION

**A.   AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     State Court Proceedings**

On October 30, 2013, a Montgomery County jury found Eaton guilty of murder, in violation of § 13A-6-2, Ala. Code 1975. Doc. 8-4 at 306. On December 10, 2013, the trial court sentenced Eaton to life in prison. *Id*. at 314.

Eaton appealed, arguing that the trial court erred by refusing to give his requested jury instruction on self-defense. Doc. 8-5. On July 11, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Eaton's conviction and

2

sentence.  Doc. 8-6.  Eaton did not apply for rehearing or file a petition for writ of certiorari with the Alabama Supreme Court.  The Alabama Court of Criminal Appeals entered a certificate of judgment on July 30, 2014.  Doc. 8-7.

On July 30, 2015, Eaton, through counsel, filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. 8-8 at 5–16.  The petition presented claims of ineffective assistance of trial and appellate counsel.  The trial court held an evidentiary hearing (*id.* at 59–73), after which, on October 27, 2015, the court denied Eaton's Rule 32 petition (*id.* at 56).

Eaton appealed, reasserting the claim in his Rule 32 petition that his trial counsel was ineffective for waiving closing arguments and failing to discuss this strategy with him.  Doc. 8-9.  On April 22, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Eaton's Rule 32 petition.  Doc. 8-10.  Eaton applied for rehearing, which was overruled on May 27, 2016.  Docs. 8-11, 8-12.  Eaton filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 8, 2016.  Docs. 8-13, 8-14.  A certificate of judgment was entered on that date.  Doc. 8-15.

**C.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).  As indicated above, the Alabama Court of Criminal Appeals affirmed Eaton's conviction on direct appeal in a memorandum opinion issued on

3

July 11, 2014. Eaton did not apply for rehearing with that court or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued its certificate of judgment in the direct review proceedings on July 30, 2014; therefore, Eaton's conviction became final on that date. *See Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for certiorari review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued."); *see also* Ala.R.Crim.P. 41(a) ("The certificate of judgment of the court shall issue 18 days after the entry of judgment" unless a timely application for rehearing is filed.). Consequently, AEDPA's one-year limitation period for Eaton to file a § 2254 petition began to run on July 30, 2014. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). Absent some tolling event, statutory or equitable, the federal limitation period expired on July 30, 2015.

   1.   ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). As noted above, Eaton filed an Alabama Rule 32 petition in the trial court July 30, 2015. That filing tolled the

AEDPA limitation period under § 2244(d)(2).  By that time, however, the AEDPA limitation period had run for 364 days, leaving one day on the federal clock.  The federal clock remained stopped until July 8, 2016, when a certificate of judgment was entered in the proceedings on Eaton's Rule 32 petition.  The following day, no time was left on the federal clock: AEDPA's limitation period had expired.  Eaton filed this § 2254 petition on July 8, 2017, approximately one year of expiration of the limitation period.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Eaton by affording a different triggering date so that AEDPA's limitation period commenced on some date later than July 30, 2014, or (with tolling under § 2244(d)(2)) expired on some date later than July 8, 2016.  There is no evidence that an unlawful state action impeded Eaton from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Eaton submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Eaton also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Accordingly, Eaton is not entitled to tolling under the provision of § 2244(d)(1)(B) through (D) and his petition should be denied as time-barred unless he is entitled to equitable tolling.

    2.    ***Equitable Tolling***

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A

5

petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Eaton argues that equitable tolling should apply to his § 2254 petition because, he says, he believed his parents had hired counsel to file his habeas petition "and was relying upon that representation in said pursuit," but his parents did not hire counsel "until after the running of the limitations period under the law, indeed approximately two weeks prior to filing of Petitioner's claim." Doc. 14 at 2. Eaton's cursory assertions here demonstrate neither due diligence on his part nor any extraordinary circumstance that prevented him from filing a timely § 2254 petition. Eaton describes none of his efforts to ensure counsel was hired to file a timely petition; does not specify when efforts were first undertaken by him or his parents to hire counsel to prepare and file a petition; and does not explain why he could not have prepared and filed a timely petition himself rather than relying on his

parents to hire an attorney to do so.[1] Further, on the scant facts presented by Eaton, this court cannot find the failure of Eaton's parents to hire counsel to prepare and file a timely habeas petition for Eaton to constitute an "extraordinary circumstance" for purposes of equitable tolling. Eaton also demonstrates no causal link between the matters asserted and the filing of his § 2254 petition after expiration of AEDPA's limitation period. By the time the certificate of judgment was entered in Eaton's Rule 32 appeal, Eaton had one day remaining on the federal clock within which to file a timely habeas petition.[2] This fact, and not any unforeseen delay in his parents' hiring of an attorney, was a more likely cause of his failure to file his habeas petition before AEDPA's limitation period expired.

Failing to demonstrate both that he exercised due diligence in pursuing federal habeas relief and that some extraordinary circumstance stood in his way and prevented the filing of a timely § 2254 petition, Easton is not entitled to equitable tolling. Because Eaton failed to file his § 2254 petition within AEDPA's limitation petition, his petition is time-barred and his claim is subject to no further review by this court. *See* 28 U.S.C. § 2244(d)(1)(A).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Eaton's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case

---

[1] Eaton's sole claim in his § 2254 petition is a claim that was argued in his Alabama Rule 32 petition and in his state appeal from the denial of that petition.

[2] Eaton does not allege or establish any attorney neglect or misconduct in the preparation and filing of his petition.

DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 25, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of June, 2020.

                                       /s/  Stephen M. Doyle
                                       STEPHEN M. DOYLE
                                       UNITED STATES MAGISTRATE JUDGE